### WILLIAM MOORE v. JOHN RUTHERFORD.

Action, by the transferree of instalments due for the price of land. Defendant pleaded a deficiency in quantity, claimed a diminution of the price, and prayed that his vendors might be made parties, and condemned to refund a portion of the amount already paid. Judgment for the plaintiff, and appeal by defendant, the plaintiff alone being cited. *Held*, that the vendors stood towards the defendant in the capacity of plaintiffs, and should have been made appellees; and that the appeal must be dismissed for want of proper parties.

Moore v. Rutherford.

APPEAL from the District Court of La Fayette, *King*, J.

Action by the plaintiff, as transferree of certain instalments due for the price of " one hundred and six *arpens* of prairie land, and twenty *arpens* in the.*commune* of prairie Sorrel, besides the wood-land belonging to said land in the concession of prairie Sorrel, with the buildings and improvements thereon," &c.

*Voorhies*, for the plaintiff.

*Crow* and *Porter*, contra.

SIMON, J. Plaintiff sues to recover the balance due on the price of a tract of land, sold to the defendant by one Eloy Landry and his wife, in virtue of a transfer or assignment of the debt, made to him by the vendors.

The defendant first pleads the general issue, and alleges that he purchased the land, for the price of which the present suit is brought, from Eloy Landry and his wife, as containing one hundred and six *arpens* of prairie land, and twenty superficial *arpens* of wood-land ; that previous to the sale, his vendors had applied by petition to the court to grant an order of sale for a part of said land, and that after said sale, the vendors prosecuted their petition to a final judgment, and sold at public auction all the wood-land already conveyed to the defendant. He further avers that there is a deficiency in the number of *arpens* of prairie land, of about forty-five superficial *arpens.* He avers that he is entitled to a diminution of the price, to the amount of $2000 ; that, therefore, he is not indebted to the plaintiff in any sum, and that his vendors are on the contrary indebted to him, in the sum of $1200, out of the amount they had received previous to the transfer. He prays that Eloy Landry and wife be made parties to the suit ; and that they be ordered and condemned to deliver to him the quantity of land by them sold, or, in default thereof, to pay him the sum of $1200.

Landry and wife appeared and filed an answer, in which they state that they adopt as their own all the plaintiff's allegations ; that they are true and correct ; and that said plaintiff is entitled to recover of the defendant the amount by him claimed. They further aver that the tract of wood-land was sold by licitation among the co-proprietors, in consequence of a suit which had been instituted for that purpose ; that the defendant was made a party to

said suit, and acquiesced in the judgment therein rendered ; that the proceeds of the sale were divided among the owners ; and that the defendant was classed as one of them on the tableau made by order of the court.

On these pleadings, the parties went to trial, and judgment having been rendered in favor of the plaintiff, the defendant has appealed.

Although, from the disposition we have concluded to make of this case, it is not our intention to express any opinion on its merits, we cannot forbear remarking that the record shows flagrant inconsistency between the allegations of the defendant, and his own acts after the institution of this suit. His answer was filed on the 9th of November, 1841, and on the 13th of the same month he paid to the plaintiff a sum of $248, *on account of the amount due him* in the suit, without any reservation. After having thus acknowledged the legitimacy of the plaintiff's claim ; after having done an act which shows that the defence set up against his adversary's demand, was at least partly, if not totally unfounded ; how can he seriously pretend before us, as alleged in his answer, that the plaintiff is not entitled to recover any part of his demand, and that Landry and wife were bound to reimburse him a part of the price by them received ?

However this may be, we have come to the conclusion that this appeal cannot be maintained. Landry and wife having been made parties to this suit by the defendant, they joined the plaintiff, to sustain the demand set up by him in virtue of their transfer, and answered to the averments contained in the defendant's answer as against themselves. For aught we know, they were represented by counsel, on the trial before the District Court, and this we ought to presume, as there is nothing in the record going to show that they were dismissed from the suit, or that the defendant ever abandoned the claim set up by him against them. It is true that the judgment appealed from does not make any mention of the defendant's warrantors ; but this was unnecessary, since the plaintiff had succeeded. Landry and wife having joined the plaintiff to sustain his demand, and give effect to their transfer, stood towards the defendant in the capacity of plaintiffs ; and it was his duty to have made them appellees, and to have had them regularly cited

to appear before this court and answer to his appeal.   12 La. 271. Not having done so, we think this case cannot be proceeded upon before us in the absence of two of the parties ; and that the appeal should be dismissed.

*Appeal dismissed.*